# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SETH ANTHONY JOHNSON, <br><br> Defendant. | Case No. 1:18-cr-00214-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter is before the Court on Johnson's Motion to Suppress. Dkt. 44. Seth Johnson asserts that his Fourth Amendment rights were violated by law enforcement during a warrantless search. Johnson seeks to suppress the evidence law enforcement collected during this allegedly unconstitutional search and seizure. The Court held oral argument on the Motion on August 9, 2019. For the reasons outlined below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

### A. 2013 Police Encounter

Officer Nay of the Twin Falls Police Department had an encounter with Johnson in the Lowe's parking lot in 2013. During that encounter, Nay allegedly observed child pornography on Johnson's cell phone. This 2013 incident is not part of the current Indictment against Johnson. It is not part of the criminal charges pending against Johnson. Instead, it is being offered by the Government under Rule 404(b). Evidence of this incident

is more appropriately addressed under a Motion in Limine and will not be addressed in this Decision.

### B. 2017 Arrest Incident

Johnson was convicted of being a Felon in Possession of a Firearm in 2009.[1] *U.S. v. Johnson,* 1:09-cr-287-BLW. In 2017, while Johnson was still on supervised release from the 2009 conviction his probation officer spoke to two young ladies. One of the young ladies was Johnson's eighteen-year-old girlfriend. The other was the girlfriend's sixteen-year-old sister. Following that conversation, the probation officer filed a Petition to Revoke supervised probation. That petition alleged that Johnson had (1) unapproved contact with children under eighteen because the sixteen-year-old sister spent the night at Johnson's house; (2) possession or use of a computer without prior permission from probation; (3) consumed alcohol; and (4) possessed a firearm. *Id.*, 1:09-cr-287-BLW, ECF 96, at 1-2 (Nov. 29, 2017). Based on the Petition and its allegations, the Court issued an arrest warrant for Johnson. *Id.,* ECF 97 (Nov. 29, 2017).

The U.S. Probation Office and U.S. Marshal Service's Greater Idaho Fugitive Task Force arrested Johnson on November 29, 2017, pursuant to the arrest warrant. When arrested, Johnson had a black Samsung flip-phone in his possession. The U.S. Probation Office requested that Homeland Security Investigation ("HSI") search and preserve the Samsung flip-phone. HSI created an image of the phone's contents and an HSI Computer Forensics Agent, Brad Thrall, began a review of the contents of the phone. He immediately

---

[1] He was a felon because of his conviction for raping a fourteen-year-old girl in Oregon in 2007.

observed child pornography, so he ceased his review and sought a federal search warrant to do a more extensive analysis of the phone's contents. The Court issued a search warrant for his phone, an undeveloped roll of film, and a video camera. With the search warrants, HSI searched all three items but found only the six originally viewed illicit images.

On July 11, 2018, a Federal Grand Jury indicted Johnson for production of child pornography, possession of child pornography, and production of child pornography while a registered sex offender. Now, Johnson seeks to suppress all evidence collected from his phone, claiming the search was a violation of his Fourth Amendment rights.

### III. STANDARD OF REVIEW

On a motion to suppress based upon the Fourth Amendment, the trial court must determine the reasonableness of the search under the totality of the circumstances. *Ohio v. Robinette*, 519 U.S. 33, 39 (1996). Johnson argues that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." Dkt 44-1, at 9-10, (quoting *California v. Acevedo,* 500 U.S. 565 (1991)). It is the Government's burden to establish that it was justified in conducting the warrantless search of the phone. *United States v. Jeffers,* 342 U.S. 48, 51 (1951).

### IV. ANALYSIS

Johnson argues that the special conditions of supervision he was under at the time of his arrest narrowly limited the authority to conduct any search to a "United States probation officer." He then argues that the search of the phone done by HSI on November 30, 2016, was not permitted by that special condition and violated his Fourth Amendment

rights.

The facts in the record and as discussed by the parties leave it very unclear as to whether (1) the probation officer found child pornography on the cell phone; and (2) if so, whether HSI found any different or additional child pornography on the cell phone. Johnson's Motion to Suppress simply moves the Court to issue an order suppressing all evidence produced "from searches of a cell phone seized at the time of his [Johnson's] 2017 arrest." Dkt. 44. It does not indicate who did the initial search of the phone. Johnson's Memorandum in Support of Motion to Suppress states that the charges against Johnson "are based upon the discovery of six images of alleged child pornography on a cell phone recovered at the time of Mr. Johnson's arrest." Dkt. 44-1, at 1. The time of the arrest was November 29, 2017. The Memorandum goes on to say that "U.S. Probation Officer Robert Bradley turned over a Samsung cell phone recovered from Mr. Johnson to HSI Special Agent Chris Cutler." *Id.*, at 2-3. Next, the Memorandum states that on November 30, 2017, HSI did a forensic preview and recovered six images of suspected child pornography. Finally, the Memorandum states that two months later in January 2018, HSI did another search, pursuant to a new warrant, but did not find any new pictures. Johnson wants the Court to exclude the six images of suspected child pornography.

The "Additional Supervised Release Terms" imposed by Judge Winmill in Case No. 09-cr-00287-001-BLW include the following language quoted by the defense:

> The defendant shall submit his or her person, property, house, residence, vehicle, (as defined in 18 1030(e)(1)), other electronic communications or data storage devices or media, or office, to search conducted by a United States probation officer. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

MEMORANDUM DECISION AND ORDER - 4

Based upon this language, Johnson argues that the searches of his phone by HSI violated his constitutional rights because those searches were not performed by a United States probation officer as required by the above quoted language. However, another paragraph in the "Additional Supervised Release Terms" issued by Judge Winmill states:

> The defendant shall comply with the requirements of the United States Probation Computer Monitoring Program as directed. The defendant shall consent to the United States Probation Office conducting ongoing monitoring of his computer(s) hardware, software, and other electronic devices/media. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allows evaluation of his computer use. Monitoring may also include the retrieval and copying of all data from his computer or other electronic devices/media. Monitoring may occur at any time with or without reasonable suspicion of violations of supervised release or probation.

According to the Government, when arrested, on November 29, 2017, "Probation Officers discovered Johnson possessed a Samsung cellular telephone containing six images of child pornography." Dkt. 50, at 5. It is unclear if the probation officers knew on November 29, 2017, that the cell phone contained the six images or if those images were first discovered on November 30 when HSI did a preview search using specialized software.[2] Any discovery of illicit material during this initial arrest search on November 29, 2017, complied with the conditions of release and with the Fourth Amendment because it was a United States probation officer who conducted the search pursuant to Johnson's arrest and his terms of release. That evidence would clearly be admissible.

---

[2] The Government cites *Johnson,* 09-cr-287, Dkt. 87, p. 2, for the proposition that the probation officer found the six images on November 29, 2017. However, that document is the Judgment finding that Johnson violated the conditions of his release in 2016. It has nothing to do with the incident in November of 2017. Docket 96 in that same case is the Petition on Supervised Release that discusses the November 2017 incident. However, it simply alleges that Johnson had an electronic device in violation of his special terms of release. It does not allege that there were illicit images on that device.

MEMORANDUM DECISION AND ORDER - 5

Following the initial search, the US. Probation Office sought the assistance of Homeland Security Investigations (HSI) to further search and preserve the cell phone. HSI Computer Forensics Agent Thrall began a review of the phone's contents and immediately observed child pornography.[3] He stopped his review and obtained a federal search warrant for a more extensive analysis of the contents of the phone. Although the federal search warrant was obtained, a further search of the contents revealed no additional illicit photographs. It is these two searches by HSI that are subject to the motion to suppress, and then, only if probation did not discover the images first on November 29, 2017.

The Court holds that the language of the additional supervised release term quoted above, "[m]onitoring may also include the retrieval and copying of all data from his computer or other electronic devices/media," adequately covers this situation. The probation officer may retrieve data from the phone. It is reasonable to read into that language that the probation officer may elicit assistance from those law enforcement personnel who have the software and the knowledge to do the retrieval. This is consistent with the "monitoring" allowed for by the special terms and conditions.

Alternatively, as an additional basis for denying the motion to suppress, the law makes a clear distinction between individuals under arrest or on probation, and individuals on parole when it comes to Fourth Amendment rights. In support of his position, Johnson only cites cases involving persons under arrest or on probation. He does not cite any case that extends the rights afforded to such persons on parole. This is an important distinction

---

[3] Again, it is unclear if these six images were first found by probation on November 29, 2017. For purposes of this portion of the decision, the Court assumes these images were not found on November 29.

because, as a person on supervised release, Johnson cannot show that he had an expectation of privacy regarding his cell phone. In fact, the Ninth Circuit has held that "for purposes of an ex post facto analysis, there is absolutely no difference between parole and supervised release." *U.S. v. Paskow,* 11 F.3d 873 (9th Cir. 1993). Although this case does not involve a change in the law requiring an ex post fact analysis there is no reason to think the Ninth Circuit, in analyzing the issue here, would treat a person on supervised release any different than a parolee. Indeed, the Ninth Circuit later explained: "Supervised release and parole are virtually identical systems. Under each, a defendant serves a portion of a sentence in prison and a portion under supervision outside prison walls." *U.S. v. Gavilanes-Ocaranza,* 772 F.3d 624 (9th Cir. 2014).

The United States Supreme Court has explained that parolees (hence, persons on supervised release) have fewer expectations of privacy than probationers because parole is more akin to imprisonment than probation is to imprisonment. *Samson v. U.S.,* 547 U.S. 843, 850 (2006). The *Samson* court went on to hold: "We conclude that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Id.* at 856.

The cases relied upon by Johnson, *Riley v. California,* 573 U.S. 373 (2014) and *U.S. v. Lara,* 815 F.3d 605 (9th Cir. 2016), do not apply here. *Riley* involved a person under arrest. *Lara* involved a person on probation. Johnson is on supervised release and has less protected Fourth Amendment rights than in either of those two cases. Johnson knew that probation officers could search his phone without cause, as a special term of his supervised release. He had no expectation of privacy regarding his phone.

The fact that HSI did the forensic search and retrieval of images on the cell phone rather than a U.S. probation officer does not change the fact that the search was proper.[4] As stated by the Ninth Circuit, "police and parole officers are entitled to work together to achieve their objectives, concerted action does not in and of itself make a search constitutionally infirm." *U.S. v. Harper,* 928 F.2d 894, 897 (9th Cir. 1991), *overruled on other grounds by U.S. v. King,* 687 F.3d 1189 (9th Cir. 2012) (per curiam).[5] The real question is whether probation improperly used its authority to help police evade the Fourth Amendment or simply enlisted the police to assist probation's legitimate objectives. The facts of this case make it clear that probation brought in HSI to assist in probation's legitimate objectives. The fact that new charges arose out of HSI's assistance does not change the original legitimate objectives or make the search unconstitutional.

## V. CONCLUSION

Any illicit evidence discovered on Johnson's phone during his arrest on November 29, 2017, is clearly admissible. Further, the probation officer's reliance on HSI for "the retrieval and copying of all data from his computer or other electronic devices/media" is reasonable under Johnson's release terms. In any event, Johnson did not have a reasonable

---

[4] The Government argues that the probation officers discovered the illicit images and then had HSI do the forensic search. As discussed above, this is not at all clear in the record. However, the analysis here does not change based upon whether probation found the six images or HSI found them. It was proper for probation to have HSI assist in the search.
[5] The grounds on which *Harper* was overruled are the grounds discussed above regarding the difference between Fourth Amendment rights of probationers and parolees. Prior to *King*, the Ninth Circuit held that there was no difference. In *King,* the Ninth Circuit recognized that *Samson* held that parolees have fewer expectations of privacy than probationers.

expectation of privacy regarding his phone because he was on supervised release. Thus, the motion to suppress is denied.[6]

## VI. ORDER

IT IS HEREBY ORDERED THAT:

1. Johnson's Motion to Suppress (Dkt. 44) is DENIED.

DATED: October 4, 2019

David C. Nye
Chief U.S. District Court Judge

---

[6] The Court's decision that the search was constitutionally permissible makes it unnecessary to address the Government's alternative arguments of the Second Look Doctrine and the Good Faith Doctrine. However, the Court notes that the lack of evidence in the record that probation found the six images before turning the phone over to HSI makes the Second Look Doctrine inapplicable under the existing facts.