UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SETH ANTHONY JOHNSON,<br><br>Defendant. | Case No. 1:18-cr-00214-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is the Government's Motion to Admit Prior Bad Acts Under Rule 404(b) and Prior Molestation Under Rule 414 (Dkt. 45)[1] and Defendant's Motion in Limine (Dkt. 46) seeking to exclude the same evidence.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court find that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

For the reasons outlined below, the Court will GRANT in PART and DENY in PART each Motion.

---

[1] The Government originally filed this request as a Notice (Dkt. 31) and Amended Notice (Dkt. 40). These notices were brief—in anticipation of the upcoming trial date. The Government subsequently filed the instant motion to admit prior bad acts and molestation. Dkt. 45. Both the Government's motion and Defendant's Motion in Limine have now been fully briefed and are ripe for the Court's review.

## II. BACKGROUND

The general factual background is set forth in the Memorandum and Decision issued on October 4, 2019. Dkt. 62. It will not be reiterated here. Instead, this section will focus on facts pertinent to the pending motions.

The six images recovered from Johnson's phone, that form the basis of the charges against him, depict the vagina and upper thigh area of a minor female, who investigators initially estimated was approximately six- to ten-years old. In these images, the minor female is not wearing any clothing below the waist. She appears to be sitting on a countertop, with her legs spread apart, exposing her vagina. The focal point of all six images in the minor's genitalia. Due to the angle and nature of the images, the minor victim could not initially be identified. After months of investigation, however, federal agents eventually identified the victim—an eight-year-old girl, A.B.

A.B. is the daughter of one of the Johnson's ex-girlfriends, A.J. In October 2017, however, A.J. and Johnson were still in a relationship; accordingly, the Defendant had access to A.B., her home, and her bathroom the day the photographs were taken. Once she was identified, federal agents were able to confirm that the young girl in the six images was A.B. through a distinctive birthmark on A.B.'s inner thigh. Additionally, wallpaper visible in the six images matches wallpaper in A.B. and A.J.'s bathroom and home. Finally, a tie-dyed shirt seen in the six images was recovered from A.B., who also identified it in the images. Finally, A.B. identified herself in the six images and told law enforcement that the Defendant had followed her into the bathroom in her home and taken the photographs.

On July 11, 2018, a Federal Grand Jury indicted Johnson for production of child

pornography, possession of child pornography, and production of child pornography while a registered sex offender.

On July 9, 2019, Johnson Moved to suppress the evidence obtained in support of his pending charges. Dkt. 44. The Court recently denied Johnson's Motion. Dkt. 62.

In anticipation of the upcoming trial, both parties filed the instant motions in limine.[2]

## III. LEGAL STANDARD

### A. Motion in Limine Standard

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Miller v. Lemhi Cty.*, No. 4:15-cv-00156-DCN, 2018 WL 1144970, at *1 (D. Idaho Mar. 2, 2018) (citing *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting Black's Law Dictionary 803 (8th ed. 2004)).

Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted) "a district court has discretion in ruling on a motion in limine." *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991). Further, in limine rulings are preliminary

---

[2] In reality, while each side has filed a motion in limine, each is simply an inverse of the other. Said differently, the Government seeks to introduce certain evidence and Johnson seeks to preclude the same evidence.

and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### B. Federal Rule of Evidence 404(b)

Rule 404(b) of the Federal Rules of Evidence governs the admissibility of evidence concerning "other crimes, wrongs, or acts" committed by a defendant. That Rule provides: (1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character; (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(1)-(2). The Ninth Circuit has specified that "Rule 404(b) is a rule of inclusion." *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985). "Thus, evidence of past wrongful acts is admissible if it is relevant to an issue other than the defendant's character or criminal propensity." Id.

To prove that the evidence is offered for one of the purposes permitted under Rule 404(b), the Government must show that the evidence: (1) is offered to prove a material element of the current offense; (2) if admitted to prove intent, is similar to the offense charged; (3) is based on sufficient evidence; and (4) is not too remote in time. *United States v. Ramirez–Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). "The [G]overnment must also show that the evidence satisfies Federal Rule of Evidence 403 such that its probative value is not outweighed by its prejudicial effect." *Id. See also United States v. Benitez, No*. 1:17-CR-00348-BLW, 2018 WL 6591917, at *2 (D. Idaho Dec. 14, 2018).

### C. Federal Rule of Evidence 403

If evidence of prior acts is found to be probative of motive, intent, plan, or lack of accident under Rule 404(b), the Court must consider whether the evidence is nevertheless barred under Federal Rule of Evidence 403. This Rule provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Unfair prejudice refers to an undue tendency to influence a decision on an improper basis, such as an emotional response, or with evidence designed to elicit a response from the jurors that is not justified by the evidence. *See U.S. v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998). Even if there is only a modest likelihood of unfair prejudice or a small risk of misleading the jury, evidence that presents only slight probative value must be excluded. *See U.S. v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Additionally, cumulative evidence may also be excluded because it does no more than replicate other admitted evidence. *See, U.S. v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979).

### D. Federal Rule of Evidence 414

Finally, Federal Rule of Evidence 414 provides that, in a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation on any matter to which it is relevant. "Child molestation" includes a crime under federal or state law involving: (A) Any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child; (B) Any conduct

prohibited by 18 U.S.C. chapter 110; (C) Contact between any part of the defendant's body – or an object – and a child's genitals or anus; (D) Contact between the defendant's genitals or anus and any part of a child's body; (E) Deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child, or; (F) An attempt or conspiracy to engage in conduct described in subparagraphs (A) – (E). Rule 414 specifically allows the Government to use evidence of a defendant's other acts for the purpose of demonstrating to the jury that the defendant had a disposition of character, or propensity to commit crimes involving child molestation. Prior to 1994, admission of a defendant's prior crimes or acts was governed by Rule 404(b), which generally disallows such evidence when used to prove character in order to show action in conformity therewith. *See United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001). Rule 414 "changes this general rule with respect to child molestation cases." *Id*.

To be admissible, the evidence of other acts of child molestation must be relevant under Federal Rule of Criminal Procedure 104(b). See *United States v. Norris*, 428 F.3d 907, 913-914 (9th Cir. 2005). In determining whether there is sufficient evidence to satisfy Rule 104(b), a district court "is not required to make any preliminary finding that the government has proved the conditional fact." *Id*. Instead, the court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact" – that the defendant committed the other act of molestation – "by a preponderance of the evidence." *Id*. (internal quotation marks and citation omitted). Under Rule 414(a), "the key to admissibility is relevance, and no independent evidence of the commission of the prior bad act is required." *Id*. at 913. The other act of child molestation may be proved

through the introduction of a judgment of conviction, through the testimony of the victim, or even through the defendant's own admissions. See *United States v. Redlightening*, 624 F.3d 1090, 1120 (9th Cir. 2010).

## IV. ANALYSIS

In its motion, the Government asserts that it intends to introduce four specific "other act" evidence to prove Johnson's inappropriate sexual propensities and stave off "mistake" or "accident" defenses it anticipates Johnson will assert. The Court will address each topic in turn.

### A. Jail Phone Call

The Government seeks to admit an excerpt of a 2019 recorded jail call between Johnson and his wife. During the phone call, Johnson expressed his desire to obtain photographs of a girl's "hoohaw" in a park.[3] Specifically, Johnson described, "[A] girl's sitting there, her shorts and like you can see up her shorts and they can see her hoohaw. Yes! We should try like one or two of those . . .where it's like a normal picture where they're chilling out at the park and then . . . fantastic." The Government contends that Johnson is referring to underaged girls and that the photographs would be similar to the pornographic images currently charged—of an underaged girl's genitalia—and should thus be admitted under Rule 404(b).

Johnson counters that that there is no reference in the phone call to taking photographs of a "young" girl, or that Johnson was even serious about taking such

---

[3] The Court has not listened to the jail phone call because a recording of the phone call has not been provided. The Court must, therefore, rely on counsels' recitation of the phone call in their briefs.

photographs. In fact, Johnson claims that he was talking about his wife—i.e. that the photographs would be of her.

In Johnson's estimation, the Court should exclude the recorded phone call under Federal Rule of Evidence 402 because it is irrelevant to the elements of the currently charged crime, and further exclude it under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the unfair prejudice Johnson would suffer if the call was admitted, as well as the danger the call would confuse the jury.

Under the circumstances, the Court must agree with Johnson. Importantly, regardless of whether Johnson was referring to his wife or another female,[4] the use of the term "girl" does not necessarily mean a minor. The Government, however, contends that regardless of the age of the individual Johnson was referencing, it is his explanation of the photographs that is telling. The child pornography images at issue in this case are of a girl's vagina and inner thighs—the exact type of photograph Johnson suggested should be taken in the park. In other words, the Government believes that the composition of the images lends itself to an argument that Johnson has a preference when it comes to pornographic images or women's anatomy. Again, however, there is a difference between *legal* adult pornography and *illegal* child pornography, and even if the composition of the images is the same, the Court does not find it relevant under the circumstances.

---

[4] Again, the Court has not seen, nor heard, the entire conversation at issue, but it would seem that Johnson is referencing erotic or pornographic material ("a girl's sitting there [and] you can see up her shorts") but then, in saying "we should try" to take a similar picture, is indicating that his wife would be the "girl" in that picture.

As an aside, in support of its motion to introduce the phone call and, as will be further discussed, *infra*, a photograph of Johnson's acquaintance, the Government cites the Court's recent decision on similar motions in limine asserting that "since the conduct is not illegal, its admission would not be prejudicial." Dkt. 45, at 11, 13 (citing *United States v. Goodwin*, No. 4:17-CR-00296-DCN, 2019 WL 2089979, at *8 n.8 (D. Idaho May 13, 2019). In *Goodwin*, the defendant was similarly indicted on child pornography charges. Before trial, the Government sought to introduce email evidence that the defendant solicited adult women to engage in sexual activity. There, this Court ruled that the evidence was not admissible and held that the emails "have no bearing on the case," that the behavior "was not illegal," and that the emails could be "potentially prejudicial" *Id.* at *8. The Court attached a footnote to the "potentially prejudicial" phrases (the footnote the Government now relies upon) stating "Although as the conduct is technically legal, there should not be any real prejudice that would result from sharing such information." *Id.* at *8 n.8.

The Government now relies upon this phrase to somewhat broadly indicate that legal activity is not prejudicial. While this may be true in some circumstances, it may not be true in others. Critically, while, in *Goodwin*, this Court opined that there might not be any real prejudice in allowing in that particular evidence (because it was legal) it nonetheless found that the evidence was irrelevant and immaterial and excluded the same.[5]

A similar situation exists here. While Johnson's language in the phone call is

---

[5] Additionally, it should go without saying that the determination as to whether something is probative or prejudicial is a fact intensive inquiry specific to each case. The Government here appears to be reading the Court's prior footnote too broadly.

juvenile, it is not illegal (assuming he is referring to his wife or other legal age consenting girl). Additionally, as will be discussed below, taking pictures of a women in a bathing suit is not illegal. That said, the legality of these actions aside, it does not automatically follow that the phone call or picture are nonetheless prejudicial. Ironically, however, the Court is again of the opinion that little prejudice would result from sharing this evidence (Johnson's call with his wife or the bathing suit incident) with a jury, but the prejudicial or non-prejudicial effect of the evidence is not the basis for the Court's decision to exclude it. Rather, it is the irrelevant nature of the evidence and lack of relation to the specific elements of the present crime that weighs against admission.

Accordingly, unless the Government can tie the specific conversation to *underage girls,* the Court will not allow its admission because it is not suggestive of the crime at hand, nor will the jury gain anything by its admission in weighing the elements of this crime.[6]

### B. Possession of Child Erotica

On October 20, 2013, at about midnight, Twin Falls Police Officer Aaron Nay responded to a concerned-citizen's call reporting a suspicious vehicle parked in the loading zone of the Lowe's in Twin Falls, Idaho. Upon approach, Officer Nay discovered Johnson in the vehicle. Johnson's pants were unzipped, and a pair of girl's underwear was hanging

---

[6] The Government contends that a key determination at trial will be whether the "lascivious exhibition" of the minor's genitalia in the six charged images is intended to elicit a sexual response in the viewer and is therefore an "element" the jury must consider. Be that as it may, what little weight can be given to Johnson's inappropriate remarks to his wife are further undercut by their vagueness in general and will not benefit the jury in its determination.

on the stick shift.

Upon questioning by Officer Nay, Johnson indicated he was waiting for his friend, Sam, but could not recall Sam's last name or phone number. When Johnson unlocked his phone to retrieve Sam's phone number, Officer Nay observed what he believed to be child pornography on the phone. Accordingly, Officer Nay seized the phone and detained the Defendant. After further investigation, child erotica was discovered on the phone.

Johnson was subsequently charged with six counts of possession of sexually exploitative material in Idaho state court. Johnson filed a motion to suppress the evidence in that case. The state court granted Johnson's motion, finding that the State had failed to meet its burden of demonstrating Johnson consented to the search of his phone.

The Government seeks to introduce the 2013 evidence to prove Johnson's intent, knowledge, and lack of mistake or accident. Johnson objects to the admission of this evidence. First, Johnson notes that the charges were dropped and the prejudicial nature of introducing the 2013 information in this trial would far outweigh any probative value it might otherwise have. Second, Johnson claims that while the images were child erotica, there is no indication that they were pornographic in nature or that he produced them (his charges in this case). While the Court disagrees with Johnson in both instances, it will nonetheless preclude the admission of the 2013 evidence *at this time.*

First, the fact that the state charges against Johnson were subsequently dismissed does not automatically make this information inadmissible. The Government cites to *United States v. Hardrick*, 766 F.3d 1051, 1053 (9th Cir. 2014) for the proposition that uncharged child pornography possession can be admitted as evidence of intent. While this

MEMORANDUM DECISION AND ORDER - 11

is true, there is a stark difference between *Hardrick* and Johnson—Johnson was actually charged. That said, the Government's proposition finds support elsewhere. *See, e.g., United States v. Lopez-Martinez*, 725 F.2d 471, 476 (9th Cir. 1984) (*quoting United States v. Calandra*, 414 U.S. 338, 348 (1974)) ("The rule that evidence obtained in an illegal search or seizure must be suppressed has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons.") (internal quotation marks and citation omitted). Accordingly, the 2013 evidence can be used in *this* proceeding, even though it was suppressed in another proceeding.

Second, while there is assuredly a legal distinction between Idaho state charges of possession of sexually exploitative material and federal child pornography charges, that makes little difference here. The images are extremely similar in nature and Johnson's argument creates a distinction without a meaningful difference.

That said, the Court cannot fully rule on this issue without hearing relevant testimony. In accordance with Rule 404(b), the Government wants to introduce this evidence to prove Johnson's intent, knowledge, and lack of mistake or accident; however, the Court does not yet know if the 2013 information is necessary to prove that point. The Government speculates that Johnson will raise certain defenses, but until he does so, the Court cannot wholesale include evidence to refute such potential defenses. This information likely has probative value, but it could also be prejudicial and confusing to the jury—particularly because Johnson will likely introduce argument and evidence to show the charges were dropped for failure to comply with the Fourth Amendment. Additionally, the Court has procedural and evidentiary concerns with the 2013 evidence because the cell

phone itself no longer exists.[7]

Accordingly, the Court will preclude such evidence at this time. If Johnson raises arguments such as claiming that he does not have an interest in child pornography, does not know how to access child pornography, or that the images at issue somehow inadvertently appeared on his phone *then* the Government can motion the Court to admit this evidence to the jury. If the Government believes Johnson has "opened the door" in any way, it must raise the issue outside the presence of the jury. In sum, the 2013 images are not relevant to the elements the Government must establish in its case in chief. However, it is possible that they will be relevant to rebut or refute arguments raised by Johnson. Until such arguments are raised, however, the 2013 images will not come in.

### C. Photograph of adult Acquaintance

In 2009, it was discovered that Johnson developed photographs of his friend's wife similar in nature to the currently charged images. In the photographs, the woman is wearing a bathing suit and posing. The photograph at issue is entirely comprised of a close-up of the woman's inner thighs and groin area.

In a recent interview with federal law enforcement, the woman in the aforementioned images confirmed that in 2009, Johnson represented that he was a model scout and could help her modeling career if she allowed him to photograph her. Johnson took photographs of the woman in her bathing suit, however, unbeknownst to the woman,

---

[7] If the Government simply wants to call Officer Nay to testify that he saw child erotica on Johnson's phone, such testimony may not raise this evidentiary issue. Again, however, the Government must wait until Johnson has opened that door and petition the Court before presenting such evidence.

Johnson also took a close-up photograph of her groin and inner thighs.

Similar to Johnson's phone call with his wife, what little probative value this evidence has, it is far outweighed by its irrelevant nature. As with the phone call, the similar compositive nature of the images (certain poses or areas of the female body) is not enough to warrant its inclusion in this case at this time. Similarly, while juvenile, invasive, and inappropriate, the photograph of the acquaintance was not illegal and was "committed" with an adult—not an underaged girl. For these reasons the Court will not allow its admission to a jury.

### D. Rape of Fourteen-Year-Old T.T.

On January 26, 2007, Johnson allegedly raped a fourteen-year-old girl, T.T., in the bathroom of his Oregon home. At the time of the offense, Johnson's ex-wife and another minor, A.K., were also in the home. For this crime, Johnson was convicted of third-degree rape, sexual abuse, and furnishing alcohol to a minor. Judgment and Sentence, *Oregon v. Johnson*, Case No. 07-00864 (Clackamas Cty. Oregon 2007). Johnson entered an Alford plea to the charged offenses.[8]

The Government seeks to introduce this evidence under Rule 404(b) but also under Rule 414—as another act of molestation. Johnson claims that the facts are not as the

---

[8] In an Alford plea—named after United States Supreme Court case *North Carolina v. Alford,* 400 U.S. 25 (1970)—the defendant maintains his or her innocence, but admits that the evidence presented would likely persuade a judge or jury that he or she was guilty beyond a reasonable doubt. This is different than a plea of nolo contendere in which the defendant takes no position on guilt or innocence. With an Alford plea, the court must still make a determination of guilt. *See, U.S. v. Mancinas-Flores,* 588 F.3d 677 (9th Cir. 2009). It is this judicial determination of guilt that becomes important under Rule 404(b) or Rule 414. *See also, U.S. v. Hendryx,* 2010 WL 2170990 (9th Cir. 2010) ("An Alford plea is sufficient to trigger sentencing enhancements for that conviction. Moreover, such a plea admits all the factual allegations in the information." (citations omitted)).

Government portrays, that the acts were "consensual, albeit statutorily prohibited" and "opportunistic, fueled more by alcohol and marital discord, rather than a calculated sexual assault motivated by sexual attraction to children." Dkt. 54, at 13. The Court disagrees.

First, T.T. was a minor and could not consent. The conduct was illegal regardless of whether Johnson claims it was consensual. The Court thus finds this argument unpersuasive. Second, unlike the phone call and the bathing suit photo (which have marginal similarities to the present case and involved adults), and the Twin Falls incident (which is marred with procedural and evidentiary questions), this prior bad act involves a minor and illustrates Johnson's opportunistic predatory conduct. In the Oregon case, Johnson allegedly followed T.T. into the bathroom after luring her into his home to babysit his children. In this case, Johnson allegedly followed A.B. into the bathroom and took the pictures which comprise the instant offense. While hands on contact (rape of T.T.) is different from illicit images (photos of A.B.), the circumstances both illustrate Johnson's sexual interest in underage girls and the lengths to which he will go to gratify those interests.

Furthermore, Federal Rule of Evidence 414 specifically allows the Government to introduce this type of evidence for the purpose of demonstrating to the jury that Johnson had a disposition of character or propensity to commit crimes involving child molestation.

Prior to 1994, admission of a defendant's prior crimes or acts was governed solely by Rule 404(b), which generally disallowed evidence such as the 2007 offense when used to prove character in order to show action in conformity therewith. *See United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001). Rule 414, however, "change[d] this general

rule with respect to child molestation cases." *Id.* Rule 414 allows for admission of prior acts of molestation in criminal cases in which a defendant is charged with child molestation—which is defined to include production of child pornography. *See* Fed. R. Evid. 414(d)(2)(B).

In this case, the Government has charged Johnson with crimes that fall under the purview of Rule 414. While there is some prejudicial effect in introducing this evidence, it is relevant and admissible under Rule 414, and probative to the crimes charged. The probative value outweighs any prejudice that may result from its introduction.

Finally, Johnson argues there is a gap in time between the two events that warrants the exclusion of the rape evidence, however, such is not the case here because the conduct is related and Johnson spent the majority of that "gap time" incarcerated.[9] *See, e.g., United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (condoning seven and eight-year gaps in ); *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (allowing thirteen-year gap in crimes); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (thirteen-year gap admissible).

The only instance in which time becomes an issue is if the Government intends to admit the rape evidence under Federal Rule of Evidence 609—Impeachment by Evidence of a Prior Criminal Conviction—which it has not (to date) noticed it will do.[10] Otherwise, the Court will allow the Government to present the rape evidence at trial pursuant to Rule

---

[9] It appears Johnson has been incarcerated (in various institutions) for approximately 88 of the last 120 months.

[10] Even then, however, there are enumerated exceptions. *See* Fed. R. Evid. 609(b).

414.

That said, allowing the Government to present evidence of the Oregon rape does not mean the Government has free reign to turn this trial into a trial about that rape. The Government can put in the judgment of conviction. Testimony of the minor victim as to the circumstances and events of that crime would most likely quickly become substantially prejudicial and a confusion of the issues.

## V. CONCLUSION

The Government seeks to introduce certain evidence at trial that, while related, is not closely tied to the current charges. Johnson's phone call with his wife and evidence that he took an unauthorized and inappropriate photo of an adult female acquaintance are irrelevant to the charges at issue and will be excluded.

The Twin Falls child erotica evidence found on Johnson's phone is more closely related to the issues in this case but is difficult to generally deem admissible prior to hearing relevant testimony and fleshing out certain evidentiary issues. This information will be excluded at this time. The Government can renew this motion (outside the presence of the jury) if Johnson opens the door.

The rape of T.T., however, is relevant to Johnson's propensities, his sexual attraction to minors, and his opportunistic behavior. This evidence is admissible under Rule 414. In fact, the major distinction between this evidence and the other three types offered by the Government in its motion is the application of Rule 414.

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. The Government's Notice (Dkt. 45) is GRANTED in PART and DENIED in PART as outlined above.

2. Similarly, Johnson's Motion in Limine (Dkt. 46) is GRANTED in PART and DENIED in PART consistent with the above analysis.

DATED: October 8, 2019

_____
David C. Nye
Chief U.S. District Court Judge