UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SETH ANTHONY JOHNSON,<br><br>              Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Civil Case No. 1:21-cv-00065-DCN<br>Crim Case No. 1:18-cr-00214-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

On February 8, 2021, Petitioner Seth Johnson filed a Motion to Vacate, Set Aside, or Correct Sentence in his criminal case (the "Petition"). Criminal Case, Dkt. 147. That filing triggered the opening of the above-captioned civil case. Dkt. 1.

Eventually, the United States of America responded to Johnson's filing with a Motion to Dismiss. Dkt. 3.[1] The Government argues that this case should either be dismissed or stayed because it is premature. The Court agrees.

Federal prisoners have one year from final criminal judgments to seek collateral review. 28 U.S.C. § 2255(f); *United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014). Judgments become final for purposes of the limitations period on the day the

---

[1] The Court notes that the Government's filing was extremely late based upon the Court's Order Setting Briefing Schedule. *See* Dkt. 2. That said, the Court assumes the Government did not timely respond because it was waiting to see how Johnson's appeal progressed and/or assumed the Court would dismiss Johnson's Petition sua sponte. Regardless, the Court accepts and considers filed the Government's filing, albeit tardy.

MEMORANDUM DECISION AND ORDER - 1

Supreme Court denies certiorari or affirms the merits. *Clay v. United States*, 537 U.S. 522, 527 (2003).

In this case, the Court sentenced Johnson on February 19, 2020. Criminal case, Dkt. 125. Judgement was entered on February 21, 2020. *Id*. at Dkt. 126. Johnson appealed shortly thereafter. *Id*. at Dkt. 128.[2] And, as noted, Johnson filed the present Petition on February 8, 2021.[3]

Because his appeal of the criminal conviction and sentence is currently pending before the Ninth Circuit, Johnson's conviction is not final. Accordingly, the one-year clock under § 2255(f)(1) has not yet begun. *See Clay*, 537 U.S. at 524–25.

The Ninth Circuit has held that collateral attacks under § 2255 are premature until appellate review is final. *See United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005) ("The district court will not review a section 2255 motion until the direct appeal is resolved."). This rule promotes orderly administration and judicial economy. *See id*. at n.9.

Because Johnson has not yet exhausted appellate review, his current collateral attack under § 2255 is premature. This case is, therefore, dismissed. Johnson may refile (if he deems it necessary) during the one-year period following the date his conviction becomes final.

---

[2] Johnson appealed subsequent decisions by the Court which have been included in his Ninth Circuit proceedings. *See* Criminal Case, Dkts. 164, 172.

[3] The Court assumes Johnson filed his Petition out of an abundance of caution and based upon a misunderstanding of the law. Thinking his one-year period was about to expire, Johnson filed the instant Petition whilst simultaneously acknowledging he is pursuing post-conviction relief via direct appeal to the Ninth Circuit. Dkt. 1, at 5–6.

## ORDER

IT IS HEREBY ORDERED:

1. The Government's Motion to Dismiss (Dkt. 3) is GRANTED.

2. Johnson's Petition (Dkt. 1) is DISMISSED WITHOUT PREJUDICE and this case is CLOSED.

DATED: March 11, 2022

David C. Nye
Chief U.S. District Court Judge